IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | | |
|---|---|---|
| SABRINA LUCERO, an individual, *Pueblo County, CO* | : | |
| | : | |
| DONOVAN MCCLURE, an individual, *Pueblo County, CO* | : | |
| | : | |
| KARIANE AMPARAN, an individual, *Fremont County, CO* | : | |
| | : | |
| on behalf of themselves and those similarly situated, | : | |
| | : | |
| Plaintiffs, | : | Case No: 25-cv-00903-JKB |
| | : | |
| v. | : | |
| | : | |
| HORIZON LAND MANAGEMENT, LLC, a Maryland limited liability company, and *Anne Arundel County, MD* | : | |
| | : | |
| RYAN HOTCHKISS, an individual, *Anne Arundel County, MD* | : | |
| | : | |
| Defendants. | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO EXPAND SCOPE OF COLLECTIVE ACTION**

Plaintiffs Sabrina Lucero, Donovan McClure, and Kariane Amparan ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, Leventhal Swan Taylor Temming PC and Viruni Law, submit their reply in support of their Motion to Expand Scope of Collective Action ("Motion to Expand") as follows:

**ARGUMENT**

**A.  DEFENDANTS' OPPOSITION IS BASED ON CONJECTURE.**

Defendants argue throughout their response that Plaintiffs' Motion to Expand should be denied because Plaintiffs seek an "end-around" of this Court's order. Doc. 71 at 1, 3-5. Defendants

claim as fact that (a) the Nationwide Plaintiffs' declarations were "readily available when Plaintiffs made their initial motion," (b) Plaintiffs "solicit[ed] putative opt-ins," and (c) Plaintiffs "eschew[ed] the Court-approved notice process in favor of their own methods." *Id*. Defendants' response is riddled with assumptions unsupported by evidence. *See id*. at 5. Despite these accusations, Defendants concede in the same breath that they "are not privy" to relevant facts. So, instead, Defendants disguise their "concerns" about the Nationwide Plaintiffs' participation as facts. *Id*. Despite these deficiencies, Defendants still expect this Court to entertain numerous possibilities and award relief based on the same. *Id*. at 5.

Defendants have no evidence to support their suppositions yet ask the Court to deny Plaintiffs' Motion to Expand which, by contrast, *is* supported by record evidence. Defendants do not mention that this matter is public record and information about the case is available online.[1] To obtain the extraordinary relief Defendants request in their Motion to Strike and to overcome the evidence offered by the Motion to Expand, Defendants' "concerns" fall short.

## B. PLAINTIFFS' EVIDENCE SATISFIES THE APPLICABLE STANDARD.

i.   The Nationwide Plaintiffs' Declarations Support Expansion of the Collective.

Defendants criticize Plaintiffs' evidence in support of their Motion to Expand as merely "additional boilerplate employee declarations relating to five additional states." Doc. 71 at 1. Defendants also describe the declarations as "formulaic and conclusory, internally inconsistent and/or facially suspect in important respects, and reflective of individualized manager-by-manager, position-by-position, and state-by-state experiences." *Id*.

---

[1] *See*, *e.g.*, https://dockets.justia.com/docket/maryland/mddce/1:2025cv00903/578510 (last accessed April 6, 2026); https://www.law360.com/articles/2418407/workers-snag-partial-collective-in-management-co-ot-suit (last accessed April 6, 2026).

But courts typically consider the pleadings and supporting materials (such as declarations of the plaintiffs) to assess the modest burden at conditional certification. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 567 (D. Md. 2012). Declarations must be "based on the personal knowledge of the [declarant]." *Robinson v. Empire Equity Grp. Inc.*, 2009 WL 4018560, at *3 (D. Md. 2009). Plaintiffs need not provide evidence at conditional certification which "enable[s] the court to determine conclusively whether a class of similarly situated plaintiffs exists." *Bouthner v. Cleveland Constr., Inc.*, 2012 WL 738578, at *4 (D. Md. 2012). Each of the Nationwide Plaintiffs, together with the original Named Plaintiffs, provided declarations based on their own personal knowledge of Defendants' pay practices and their personal experiences with them. The Nationwide Plaintiffs detailed their experiences including the names of (a) Defendants' management employee who instructed them about the alleged illegal pay practices, and (b) co-workers with whom they worked who were also subjected to the pay practices at issue. *See Bernard v. Household Int'l, Inc.*, F.Supp.2d 433, 435 (E.D. Va. 2022). The improper pay practices are the same even though different actors are involved. This shows a nationwide policy and satisfies the first-stage analysis.

Defendants' argument that the Nationwide Plaintiffs' declarations are "formulaic," conclusory" and "boilerplate" *support* expansion of the Collective. There is a simple reason the declarations are similar: because Defendants' pay practices were the same across the country regardless of location. Courts in the Fourth Circuit agree. "While similar in form, the declarations describe consistent policies and treatment, which supports—rather than undermines—their evidentiary value." *Maffeo v. Dagwoods N., LLC*, 2025 WL 2180490, at *5 (D.S.C. 2025) (citing *Hunt v. Flight Servs. & Sys., Inc.*, 2008 WL 318334, at *4, 533 F.Supp.2d 255 (W.D.N.Y. 2008)) (overruling employer's objections to declarations as "boilerplate" and "lack[ing] detail"). The *Maffeo* Court concluded that, despite the alleged "boilerplate" nature of the plaintiff's declarations,

the declarations "reflect[ed] common employment experiences across multiple individuals, each describing the same categories of alleged wage violations under shared working conditions. These consistent allegations … are sufficient to demonstrate that the putative collective members are similarly situated for purposes of conditional certification." *Id*. at 6.

Here, 11 geographically diverse plaintiffs provided declarations about Defendants' pay policies based on their personal knowledge. Courts hold that plaintiffs can be similarly situated when "numerosity and geographic diversity of presented affidavits demonstrate that the supervisors overtime violations [were] ... not the product of happenstance or outlier instances of rogue behavior by errant supervisors but were themselves policies (albeit unwritten ones) implemented consistently in a manner ... on an ongoing basis." *MacGregor v. Farmers Ins. Exch.*, 2011 WL 2981466, at *4 (D.S.C. 2011) (internal quotations omitted). The Named and Nationwide Plaintiffs have done just that—each has provided evidence that different corporate employees (*i.e.*, district and regional managers) issued identical directives about wages. The record evidence confirms the pay practices were not "rogue behavior by errant supervisors" but rather "implemented consistently" by Defendants' corporate employees.[2] *MacGregor*, 2011 WL 2981466, at *4.

    ii.    <u>Plaintiffs Are Similarly Situated</u>.

Defendants argue that the Nationwide Plaintiffs are not similarly situated to either the Named Plaintiffs or each other. This is untrue. All 11 Plaintiffs (a) worked for Defendants as hourly employees, (b) were paid by the hour, (c) worked more than 40 hours in a work week, and (d) failed to receive overtime pay for all hours worked over 40. Defendants claim that Plaintiffs still lack evidence to obtain nationwide certification because "the declarants lack personal knowledge

---

[2] The evidence proffered by the Collective (including Doc. 23, 23-1-5) contradicts Defendants' claim that their business used a "highly decentralized staffing model." Doc. 71 at 8.

about the policies of practices at other [locations]." Doc. 71 at 9, citing *Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 676 (E.D. Va. 2022). Defendants' view is too narrow. This standard applies where the declarants are *not* geographically diverse. In *Chapman*, the four plaintiffs "worked exclusively in the Hampton Roads region" such that they were "neither numerous nor geographically diverse." *Id*. The same is not true here where there are 11 declarants from seven states. Further, as the *Chapman* Court noted, the similarly situated requirement is met if the "numerosity and geographic diversity" of the presented declarations demonstrate that violations were consistent across different facilities and supervisors. *Id*. (citing *MacGregor*, 2011 WL 2981466, at *4). This is the case here.

iii.    Nationwide Certification is Appropriate.

Defendants request that, should the Court grant Plaintiffs' Motion to Expand, any expanded collective be limited to just the five additional states where the Nationwide Plaintiffs worked for them (*i.e.*, Illinois, New York, New Jersey, Tennessee, and Texas). Defendants essentially argue that a nationwide collective can only be certified if every state is represented by an opt-in plaintiff. Not so. *See Smith v. Pizza Hut, Inc.*, 2012 WL 1414325, at *6 (D. Colo. 2012) (rejecting the defendant's request to geographically limit the class to the locations where the plaintiff and opt-in plaintiffs were employed; the fact that delivery drivers from every region have not yet opted into this action does not mean that a nationwide class cannot exist) (internal quotations omitted). The Nationwide Plaintiffs confirm that the Defendants' pay practices permeate Defendants' workforce irrespective of locale, manager, title, or pay rate. Plaintiffs have presented both "numerosity and geographic diversity" within the Collective. *MacGregor*, 2011 WL 2981466, at *4. Other federal courts agree. *See*, *e.g.*, *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150, 161 (N.D.N.Y. 2008) ("Plaintiffs are not required to submit evidence implicating every office and to show how they

have identical characteristics; instead, only a representative sample will suffice."); *Hose v. Henry Indus.*, 49 F.Supp.3d 906, 918 (D. Kan. 2014) (certifying nationwide class involving 25 facilities in 11 states based on experience of four employees in single Missouri facility).

    iv.    <u>Defendants Again Seek to Introduce Factual Disputes to Create Appearance of Individualized Inquiry</u>.

Just as they did during briefing on Plaintiffs' initial motion for conditional certification, Defendants premise their opposition to the Motion to Expand on fact and merit disputes, neither of which are considered at the conditional certification stage. *See Essame v. SSC Laurel Operating Co. LLC*, 847 F. Supp. 2d 821, 825 (D. Md. 2012) ("the court does not … resolve factual disputes or make credibility determinations" at the notice stage). However, Defendants again attempt to eschew this well-settled issue of wage and hour law. Defendants inject fact and merit disputes including claims that they use a "highly decentralized staffing model" and "[s]taffing at each site, and therefore the duties of assigned staff, varies considerably depending on the size and nature of the [Manufactured home Community], among other factors." Doc. 71 at 7-8. Similarly, Defendants argue expansion should be denied because Ms. Columbo was hired as a part-time employee (although she was not treated as one). The Collective need not be identical to each other. *See*, *e.g.*, *Bouthner*, 2012 WL 738578, at *4 (similarly situated does not mean identical); *LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp. 3d 463, 474 (E.D. Va. 2014) ("A collective action does not necessitate that there be no differences among class members, nor does it prohibit individualized inquiry in connection with fashioning the specific relief or damages to be awarded to each class member") (internal quotations omitted). Defendants split hairs to manufacture individualized inquiry. That Ms. Columbo was technically a part-time employee does not disturb similarity where all other elements of employment were the same; Defendants twist Ms. Columbo's honesty about her employment into false points of individualization. At base, differences in hours worked (*e.g.*,

a part-time employee working 45 hours per week against a full-time employee working 55 hours per week) merely results in differences in damage calculations rather than merits. Differences in damages are not a basis on which to deny conditional certification. *See Romero v. Mountaire Farms, Inc.*, 796 F.Supp.2d 700, 705 (E.D.N.C. 2011) ("Differences in job duties, hours worked and wages due that do not materially affect whether a group of employees may be properly classified are not significant to the similarly situated determination.").[3]

Defendants also put (written) words into the mouths of the Nationwide Plaintiffs. Defendants misinterpret the declarations of Ms. Columbo and Ms. Banker to argue that unpaid work from home amounts to admissions that they and other members of the putative collective "worked largely independently, free from direct supervision, and on their own schedule." Doc. 71 at 9. Ms. Columbo nor Ms. Banker said any such thing.

## C.  DEFENDANTS' REQUEST FOR ORAL ARGUMENT SHOULD BE DENIED.

Defendants request oral argument through a notation in the case caption. *See* Doc. 71. Oral argument is unnecessary. This District's local rules state that while a hearing can be requested by counsel, "all motions shall be decided on the memoranda without a hearing" unless otherwise ordered by the court. Local Rule 105.6; *see also Shebby v. Stifel*, *Nicolaus & Co., Inc.*, 2018 WL 638291, at *5 (D. Md. 2018) ("District courts retain discretion to grant oral arguments. Fed.R.Civ.P. 78. Hearings are granted when oral advocacy would aid the court in its decision-making process."); *Dorsey v. TGT Consulting, LLC*, 2014 WL 458999, at *1 (D. Md. 2014) ("The parties have fully briefed the issues, and no oral argument is necessary."). All evidence and arguments are before the Court. Accordingly, there is no benefit to oral argument.

---

[3] Defendants claim the Named Plaintiffs' claims are contradicted by documents, thus creating individualized inquiry. *See* Doc. 71 at 8. Defendants are incorrect. Plaintiffs addressed this issue in their reply in support of conditional certification. *See* Doc. 44.

Respectfully submitted this 9th day of April, 2026.

/s/ Vincent Z. Viruni
Vincent Z. Viruni (Maryland Bar No. 20414)
Viruni | Law
137 National Plaza, Suite 300
National Harbor, MD 20745
Phone:          (866) 405-1615
Fax:            (866) 321-1102
Email:          vviruni@virunilaw.com

/s/ Samuel D. Engelson
Andrew E. Swan (Colorado Bar No. 46665)
Samuel D. Engelson (Colorado Bar No. 57295)
LEVENTHAL SWAN TAYLOR TEMMING PC
3773 Cherry Creek North Drive, Suite 710 - West
Denver, CO 80209
Phone:          (720) 699-3000
Fax:             (866) 515-8628
Email:           aswan@lstt.law
                 sengelson@lstt.law

*Attorneys for Plaintiffs*