IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SABRINA LUCERO, et al.,                    *

    Plaintiffs,                            *

v.                                          *                    CIVIL NO. JKB-25-0903

HORIZON LAND MANAGEMENT, LLC, *
et al.,

    Defendants.                            *

    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

Pending before the Court are two Motions. Defendants have filed a Motion to Strike Improperly Filed Opt-in Consent Forms, for Production of Communications, and for Protective Order. (ECF No. 62.) Plaintiffs have filed a Motion to Expand Scope of Collective Action. (ECF No. 64.) For the reasons that follow, Defendants' Motion will be granted in part and denied in part, and Plaintiffs' Motion will be granted in its entirety.

## I.    BACKGROUND

Because the Court already set out the factual background of this case in its prior Memorandum (ECF No. 47), it only briefly recounts the facts again now. Defendant Horizon Land Management LLC ("Horizon") is a Maryland company which owns and operates manufactured home communities in 19 states. (ECF Nos. 1 ¶ 29; 31-2 ¶ 4.) Defendant Ryan Hotchkiss is Horizon's CEO. (ECF No. 1 ¶ 15.) This case was originally brought by Sabrina Lucero, Donovan McClure, and Kariane Amparan. They each worked for Horizon in Colorado as hourly employees, either as a Community Manager ("CM"), Assistant Community Manager ("ACM"), or Maintenance Technician ("MT"). (Id. ¶¶ 31, 33, 35.) They alleged that they were not paid properly

for overtime work and that their supervisors directed them to manipulate their timesheets to reflect that they did not work overtime even when they did in fact do so. (*Id.* ¶¶ 39, 41.) They also asserted that they were provided company cell phones and were required to be on-call at all times. (*Id.* ¶ 39.) Based on these allegations, these three Plaintiffs sought conditional certification of a nationwide collective under the Fair Labor Standards Act ("FLSA"). (ECF No. 23.) After they filed their motion for conditional certification but before briefing concluded, an additional Plaintiff, Kimberly Cox, opted into the action. (ECF No. 41.) She submitted an affidavit explaining that she experienced nearly identical treatment while working as a CM for Horizon in South Carolina. (ECF No. 44-1.)

Based on the pleadings and the evidence before it, the Court concluded that all of Horizon's hourly employees in Colorado and South Carolina were "similarly situated," the standard necessary to conditionally certify a collective. (ECF No. 47 at 7.) However, the Court found that the evidence did not sufficiently establish that Horizon's hourly employees outside these two states were also similarly situated, so the Court declined to certify the collective on a nationwide basis. (*Id.*) The Court then directed that judicially authorized notice of this lawsuit be disseminated to Horizon's hourly employees in Colorado and South Carolina. (*Id.* at 10.)

The parties have informed the Court that the notice was distributed to the relevant employees. But Plaintiffs have also filed opt-in forms and affidavits from seven additional Horizon employees who worked for the company in five additional states. Plaintiffs contend that these affidavits constitute the evidence needed to justify expanding the collective nationwide. Defendants respond that Plaintiffs should not get "a second bite at the apple," (ECF No. 71 at 4), and that the opt-in forms should be stricken.

2

## II.   DISCUSSION

### A.   The New Evidence Is Sufficient to Certify a Nationwide Collective

Conditional certification is "a pre-discovery determination that the purported class is similarly situated enough to disseminate a notice." *Jackson v. Am. Elec. Warfare Assocs., Inc.,* Civ. No. TDC-22-1456, 2023 WL 5154518, at *2 (D. Md. Aug. 10, 2023). As the Court previously explained, "it is a 'modest inquiry' in which the Court merely 'makes a threshold determination whether the class is similarly situated.'" (ECF No. 47 at 5 (quoting *Mazariegos v. Pan 4 Am., LLC*, No. DLB-20-2275, 2021 WL 5015751, at *3 (D. Md. Oct. 28, 2021)).) The touchstone of this inquiry "is the potential plaintiffs' common relationship to the allegedly unlawful policy." *Blake v. Broadway Servs., Inc.,* Civ. No. CCB-18-086, 2018 WL 4374915, at *3 (D. Md. Sept. 13, 2018). Previously, the Court held that, despite their somewhat different job responsibilities, all hourly employees at Horizon had such a relationship to the allegedly unlawful policy. (ECF No. 47 at 6.) The Court based its conclusion on the affidavits of Lucero, McClure, Amparan, and Cox. (*Id.* at 6–7.) These affidavits, which were nearly identical, alleged the same scheme: that Horizon required its hourly employees to work overtime, did not pay them sufficiently for this work, provided its hourly employees with cell phones and required the employees to always be on-call, and implemented these policies through Regional Managers. (*Id.*) Because these affidavits referred to conduct in Colorado and South Carolina, the Court concluded that Horizon's hourly employees in those two states were similarly situated. (*Id.*)

But the Court did not grant nationwide certification because there was no evidence that these policies extended beyond these two states. While Plaintiffs' burden at the conditional certification stage was modest, *Mazariegos*, 2021 WL 5015751, at *3, Plaintiffs still failed to carry it. As the Court explained:

3

> When judges in this District have granted nationwide certification, they have required much more. *See, e.g., Biscardi v. Gov't Emps. Ins. Co.*, No. GJH-21-2240, 2023 WL 155238, at *3 (D. Md. Jan. 11, 2023) (conditionally certifying a nationwide collective based on affidavits from twelve employees located throughout the country); *Alvarez v. Gov't Emps. Ins. Co.*, No. CV GLR-24-722, 2024 WL 4679399, at *12 (D. Md. Nov. 5, 2024) (conditionally certifying a nationwide collective based on declarations from nine opt-in plaintiffs who worked in five different regions); *Andrade v. Aerotek, Inc.*, No. CIV.A CCB-08-2668, 2009 WL 2757099 (D. Md. Aug. 26, 2009) (declining to grant nationwide certification despite the presence of plaintiffs from two states).

(ECF No. 47 at 8.)

However, the situation has now changed. Plaintiffs have submitted affidavits from seven additional Horizon hourly employees who worked for the company in five more states: Illinois, New Jersey, New York, Tennessee, and Texas. (ECF No. 64-1.) These employees all allege materially identical circumstances to those previously described by Lucero, McClure, Amparan, and Cox. They allege the same scheme of forced overtime work, withholding of overtime pay, and the requirement to always be available on their company-issued cell phone. (*Id.*) They also each allege that these policies were implemented and enforced by Regional Managers. (*Id.*) Defendants' primary argument in response is that these seven employees do not have personal knowledge of Horizon's policies in each and every state in which it operates, so nationwide certification remains inappropriate. (ECF No. 71 at 9.) But that argument imposes too heavy a burden on Plaintiffs. The affidavits no longer "come exclusively from a small, geographically homogenous group of declarants." *Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 676 (E.D. Va. 2022). Rather, as in *Biscardi* and *Alvarez,* the cases cited previously by this Court, there is now a geographically diverse group of plaintiffs who worked for Horizon in a significant

percentage of the states in which the company operates. That is sufficient to justify certification of a nationwide collective.[1]

## B. The Court Will Exercise Its Discretion to Expand the Collective

Defendants contend that, even if the Court possesses discretion to expand the collective, it should not exercise that discretion for two reasons. First, Defendants argue that Plaintiffs should not be afforded a second chance to obtain nationwide certification. (ECF No. 71 at 4.) Second, Defendants question how the new opt-in plaintiffs learned of this litigation. They further query if Plaintiffs' counsel complied with the Court's prior ruling that limited the dissemination of Court-authorized notice to Horizon employees in Colorado and South Carolina. (ECF No. 62-1 at 7.) Defendants argue that the Court should not reward Plaintiffs' alleged malfeasance by expanding the collective. The Court will address each argument in turn.

First, the Court rejects the notion that Plaintiffs should receive only one opportunity to seek nationwide certification. As Defendants themselves recognize, "[i]t is well-settled that district courts have broad discretion to manage the notice process." (ECF No. 71 at 6 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).) That discretion includes the ability to expand a collective action where, as here, new evidence warrants it. *See Wiley v. Asplundh Tree Expert Co.*, Civ. No. 13-2952, 2013 WL 12182398, at *2–3 (S.D.W. Va. Nov. 1, 2013). Ultimately, denying nationwide certification because it is a "second bite at the apple," (ECF No. 71 at 4), would elevate form over substance. The imperative is to decide a case on its merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 n.3 (4th Cir. 2010). That is especially true in the FLSA context because the statute is specifically designed to protect

---

[1] Defendants again argue that the possibility of "myriad individualized inquiries" also militates against an expansion of the collective. But the Court already rejected this argument because it "is a merits-based question that courts should not answer at the conditional certification stage." (ECF No. 47 at 8 n.1.) The Court reaffirms this conclusion.

workers from the unequal bargaining power held by employers. *Rineholt v. HFS Fin. LLC*, Civ. No. ABA-22-3253, 2024 WL 1243844, at \*2 (D. Md. Mar. 21, 2024). Given the serious and substantial allegations made in this case, and because of the new evidence, the best use of the Court's broad discretion is to permit certification of the collective on a nationwide basis.

As to Defendants' second argument, when the Court conditionally certified a collective of Horizon's hourly employees in Colorado and South Carolina, it permitted the dissemination of Court-authorized notice to Horizon employees in those states. But "[c]ertification, in the FLSA context, is merely the trial court's exercise of discretionary power to notify potential class members." *Blake*, 2018 WL 4374915, at \*2. Conditional certification does not limit who may opt into the action. "So long as plaintiffs are similarly situated, they can join [an FLSA] action regardless of whether it is certified." *Id.* Here, although the Court had not certified a nationwide collective, plaintiffs from states other than Colorado and South Carolina were still permitted to opt into the action, so long as they were similarly situated. And the fact "that the [C]ourt directed delivery of . . . specifically targeted notices . . . [did] not preclude [Plaintiffs] from disseminating accurate information about this case to the general public via other means." *Young v. Dollar Trees Stores, Inc.*, Civ. No. 11-1840-REB-MJW, 2012 WL 5494000, at \*2 (D. Colo. Nov. 13, 2012).

However, defense counsel has suggested that Plaintiffs' counsel may have sent the *Court-authorized* Notice form to Horizon employees outside of Colorado and South Carolina. That is, Plaintiffs' counsel may have distributed a judicially authorized notice to people who were not judicially authorized to receive it. To be sure, employees in other states may have learned of this lawsuit through other means. But given defense counsel's implication, *i.e.* that Plaintiffs' counsel exceeded the scope of what the Court authorized, Plaintiffs' counsel will be directed to file affidavits with the Court stating whether they did or did not circulate, or direct any other person to

circulate, the Court-authorized Notice form to Horizon employees who were not members of the collective that the Court previously conditionally certified.

Regardless of the conduct of Plaintiffs' counsel, the Court will not penalize the Horizon employees who have already joined this action or those who may opt in during the forthcoming opt-in period. If Plaintiffs' counsel violated an Order of this Court, the Court will resolve the matter in due course. But the Court will not allow Horizon's employees to be prejudiced for the alleged misconduct of others.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion will be granted in part and denied in part (ECF No. 62), and Plaintiffs' Motion (ECF No. 64) will be granted in its entirety. A separate Order follows.

DATED this __14__ day of April, 2026.

BY THE COURT:

James K. Bredar
United States District Judge